IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID E. RENTZ | § | |
| | § | |
| v. | § | C.A. NO. C-10-131 |
| | § | |
| RICK THALER | § | |

**MEMORANDUM AND RECOMMENDATION TO
GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. (D.E. 1). On May 6, 2010, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction. Id. Respondent filed a motion for summary judgment on June 25, 2010, asserting that Petitioner's claims are time-barred. (D.E. 9, at 3-6). Petitioner filed a response on August 4, 2010, (D.E. 19), and a response on August 9, 2010. (D.E. 20). For the reasons stated herein, it is respectfully recommended that Respondent's motion for summary judgment be granted.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner is incarcerated in Beeville, Texas.

(D.E. 1). Jurisdiction is, therefore, proper in this Court.

## II. BACKGROUND

Petitioner was indicted for aggravated robbery by a grand jury in DeWitt County, Texas during its July 2001 term. Ex parte Rentz, WR-73,481-01, at 1. The original indictment listed one of the victims as "James Wolf," but the court granted the prosecution's motion on April 15, 2002 to amend the indictment to replace that name with "James Wolf III." Id. at 1, 16. On May 1, 2002, Petitioner was convicted by a jury in the 24th Judicial District Court of DeWitt County of aggravated assault. Id. at 23. He was sentenced the following day to sixty-five years of imprisonment and fined ten-thousand dollars after the jury found his prior felony conviction to be true. Id. at 29.

On May 30, 2002, Petitioner filed a motion for a new trial, id. at 33-36, and on June 5, 2002, a notice of appeal. Id. at 37. His appeal was denied by the Texas Thirteenth District Court of Appeals on November 10, 2004. Id. at 41-49. After receiving an extension until February 8, 2005 to file a petition for discretionary review, (D.E. 6, Attach. 7, at 1), he filed one with the Texas Court of Criminal Appeals on February 2, 2005. Id. at Attach. 8. That petition was returned to him instructing him that it must be filed with the Thirteenth District Court of Appeals, which he did on March 2, 2005. Id. at Attach. 8, at 31, 34. On April 20, 2005, that

court dismissed the petition as untimely. Id. at Attach. 2, at 58.

On December 28, 2009, Petitioner filed a state petition for habeas corpus, which claimed that the prosecution had illegally amended his original indictment with an ink pen by adding the suffix "III" to the name of the victim, thus voiding it and depriving the trial court of jurisdiction as a new indictment was never issued by the grand jury. Ex parte Rentz, WR-73,481-01, at 55-71. The petition was denied without written order on February 24, 2010. Id. at cover page.

### III. DISCUSSION

Petitioner claims his due process rights were violated when he was charged with an erroneous indictment, and later when a voided indictment was used in his conviction. (D.E. 1, at 1). Specifically, he alleges that his original indictment incorrectly named the actual victim's grandfather as the victim, and that this error prevented him from preparing a defense for trial. Id. at 1-2. Additionally, he alleges that the prosecution manually amended his original indictment with an ink pen, but continued to use that indictment at trial although it was voided by the revision. Id. at 3-6. Respondent avers that Petitioner's claims are time-barred. (D.E. 9, at 3-6).

**A.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to

the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.      Petitioner's Federal Petition Is Time-Barred.**

Respondent claims that the petition is time-barred. (D.E. 9, at 3-6). The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year limitations period for filing a federal habeas petition in district court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). That period runs from the latest of four alternative dates:

> (A)   the date on which the judgment became final
>       by the conclusion of direct review or the
>       expiration of the time for seeking such review;

5

>    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Nevertheless, certain actions will toll the limitation period. For example, a prisoner may not be granted federal habeas relief unless he has first sought state habeas review and been denied relief. 28 U.S.C. § 2254(b)(1). While a prisoner seeks that state review, the AEDPA one-year period will be tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The beginning of Petitioner's AEDPA statute of limitations must be determined by applying § 2244(d)(1). He does not assert the State prevented him from timely filing his petition. Therefore, subsection B does not apply. His claims

6

do not concern a constitutional right newly recognized by the Supreme Court. Therefore, subsection C does not apply. Because his claims concern the amendment of his indictment, which occurred before his trial, the factual predicate for his claims was discovered before his judgment became final. Therefore, subsection D does not apply.

Consequently, subsection A determines when Petitioner's statute of limitations began to run. He was convicted on May 1, 2002, but because he filed a motion for a new trial, he had ninety days in which to timely file notice of appeal, see Tex. R. App. P. 26.2(a)(1), which he did on June 5, 2002. When the Thirteenth District Court of Appeals denied Petitioner's appeal on November 10, 2004, he then had thirty days to file a petition for discretionary review with the Court of Criminal Appeals. Tex. R. App. P. 68.2(a). He received an extension until February 8, 2005 to file his petition, but he did not file it with the proper court until March 2, 2005, and it was, therefore, untimely. When he did not timely file a petition for discretionary review by February 8, 2005, he then had ninety days to petition the Supreme Court for a writ of certiorari. Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998) (citing Caspari v. Bohlen, 510 U.S. 383 (1994)). Because he did not seek certiorari review, his judgment became final and the AEDPA statute of limitations began to run at the end of the ninety day window on May 9,

2005. Id. Therefore, barring any tolling, his AEDPA limitations period was set to expire on May 9, 2006, long before he filed his federal petition on May 6, 2010.

Although Petitioner filed a state habeas petition, it did not toll the limitations period because he filed it on December 28, 2009, after the limitations period had already expired. Additionally, he has not alleged the type of extraordinary circumstances required for equitable tolling.

The decision to invoke equitable tolling is within the discretion of the district court. See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit "has held that equitable tolling of the AEDPA limitations period is available "'in rare and exceptional circumstances' where it is necessary to 'preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir. 2007) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). "To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Excusable neglect or ignorance of the law do not justify equitable tolling. Fierro, 294 F.3d at 682. Equitable tolling of the limitations period applies principally where the petitioner is actively

misled by the respondent about the petition, or is prevented in some extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (citation omitted). A prisoner proceeding pro se is not a "rare and exceptional" circumstance. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted). Petitioner has not alleged any reason why his limitations period should be tolled, let alone an extraordinary one. Therefore, his limitations period was never tolled.

Accordingly, it is respectfully recommended that the federal petition was filed after the AEDPA limitations period expired, and is time-barred.

**C.    Petitioner's Claims Are Without Merit.**

Petitioner's claims center around the indictments used in his prosecution. He alleges his original indictment was erroneous because it incorrectly named the actual victim's grandfather as the victim, and that this error prevented him from preparing a defense for trial. (D.E. 1, at 1-2). He further alleges that when the indictment was altered by the prosecution with an ink pen to include the suffix to victim's name, the original indictment was voided, yet the prosecution continued to use it instead of obtaining a new, valid indictment from the grand jury. Id. at 3-6. He argues this lack of a valid indictment left the trial court without jurisdiction over him, and he should have been arraigned and charged a second time with a new

9

indictment from the grand jury. Id. at 3.

First, Petitioner's claim that the erroneous indictment prevented him from preparing a defense is baseless and conclusory. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990) (citations omitted) ("'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue'"). The only error contained in the original indictment was the omission of the suffix "III" that should have followed the victim's name. Even if Petitioner really was misled as to the victim's identity at the time he was originally indicted, any menial preparation for the case would have revealed that the victim was James Wolf III and not James Wolf. Reading the victim's statement to police, or simply interviewing him before trial would have sufficed. Furthermore, he does not allege how this specifically hindered his defense. He does not allege he prepared a case in which James Wolf was the victim only to have the rug pulled out from under him at the last minute. He does not allege that James Wolf was interviewed, or even contacted. For that matter, he does not even allege that he was prevented from interviewing James Wolf III. Indeed, he provides no specific allegations of how he was prevented from preparing a defense, which supports the conclusion that there in fact was no confusion on his part, or in the very least, his counsel's part. Moreover, the error on the indictment was brought to Petitioner's attention by April 15, 2002 when the

indictment was amended. He was not convicted until May 1, 2002. This intervening period would have provided him or his counsel enough time to move for a continuation if there really was a mistaken belief on Petitioner's part as to the identity of the victim, but he never made such a motion.

Second, Petitioner's claim that the indictment was void and the trial court lacked jurisdiction is inappropriate for habeas review. "[I]t is settled in this Circuit that the sufficiency of a state indictment is not a matter for federal habeas corpus relief *unless* it can be shown that the indictment is so defective that the convicting court had no jurisdiction." Evans v. Cain, 577 F.3d 620, 624 (5th Cir. 2009) (per curiam) (citation omitted) (emphasis in original). Once the issue of an indictment's sufficiency has been "'squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case,'" a federal habeas court is foreclosed from reviewing "the question 'as to whether a state trial court was deprived of jurisdiction.'" Id. (citations omitted). "An issue may be squarely presented to and decided by the state's highest court when the petitioner presents the argument in his application for postconviction relief and the state's highest court denies that application without written order." Id. (citations omitted).

Here, the Texas Court of Criminal Appeals was presented with exactly the

same issues as Petitioner brings before this Court and that court clearly addressed the merits of Petitioner's state habeas petition claiming that the amended indictment was invalid, and the trial court lacked jurisdiction.  See Ex parte Rentz, WR-73,481-01, at 55-71.  By denying the state petition without written order, the Court of Criminal Appeals already decided the issues presented here, and more importantly, that the indictment was valid and the trial court had jurisdiction.  This Court sitting in habeas is prevented from disturbing the state court's decision.  See Evans, 577 F.3d at 624.

Accordingly, it is respectfully recommended that Petitioner's claims are without merit.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues

before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 9), be granted, and this habeas petition, (D.E. 1), be dismissed. Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 10th day of August 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).